UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NINENA LUGO,

         Plaintiff

                   DECISION AND ORDER

-vs-

                   11-CV-6028 CJS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

         Defendant.
_____

APPEARANCES

| | |
|---|---|
| For the Plaintiff: | Mark M. McDonald, Esq.<br>Bond, McDonald and Lehman, P.C.<br>91 Genesee Street<br>Geneva, New York 14456 |
| For the Defendant: | Kathryn L. Smith, Esq.<br>Assistant United States Attorney<br>100 State Street<br>Rochester, New York 14614 |

INTRODUCTION

   This was an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner" or "Defendant"), which denied plaintiff Ninena Lugo's ("Plaintiff") application for supplemental security income benefits. On March 20, 2012, the Court granted Plaintiff's application for judgment on the pleadings and remanded the case to the Commissioner for further administrative proceedings. Now before the Court is Plaintiff's motion [#11] for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)&(b). The application is denied.

1

BACKGROUND

The facts of this case were set forth in the Court's prior Decision and Order [#9] and need not be repeated here. *See, Lugo v. Astrue*, No. 11–CV–6028 CJS, 2012 WL 974936 (W.D.N.Y. Mar. 21, 2012). Briefly, Plaintiff maintained that the Administrative Law Judge ("ALJ") erred in a number of ways. The Court disagreed with most of Plaintiff's arguments. However, the Court agreed with Plaintiff that, at step five of the five-step sequential analysis used to evaluate Social Security Disability claims, the Administrative Law Judge ("ALJ") erred by failing to obtain evidence from a vocational expert ("VE"), and by instead relying on the Medical Vocational Guidelines or "grids" found at 20 C.F.R. Pt. 404, Subpart P, to find that Plaintiff could perform "other work."

Actually, Plaintiff's argument on that point consisted of a single sentence: "Where, as here, the plaintiff's nonexertional limitations significantly diminish the ability to perform the full range of work at a specific exertional level, the ALJ is required to perform an individualized evaluation of the plaintiff employing the services of a vocational expert. *Bapp v. Bowen*, 802 F.2d 601 (2d Cir. 1986)." Pl. Memo of Law [#6-2] at p. 14. The issue of the extent to which Plaintiff's non-exertional impairments limited her ability to perform unskilled light work was a close one, but the Court ultimately ruled that the ALJ should have consulted a VE:

> At step five of the analysis, the ALJ used the grids as a framework to find that Plaintiff could perform other work. In that regard, the ALJ stated that Plaintiff was generally capable of performing a full range of light work, and that her additional limitations would have only a "minimal effect on the occupational base of unskilled light work." (28) However, Plaintiff disagrees with that assessment, and maintains that her limitations are serious enough that the ALJ was required to call a VE to testify as to

2

whether she could perform other work. More specifically, at oral argument, Plaintiff indicated that the evidence, including Ransom's report,[1] which the ALJ gave "substantial weight," and the Psychiatric Review Technique,[2] indicate that she has "moderate" limitations, which therefore requires evidence from a VE. In support of her position, Plaintiff relies on *Baldwin v. Astrue*, No. 07 Civ. 6958(RJH)(MHD), 2009 WL 4931363 (S.D.N.Y. Dec. 21, 2009) ("*Baldwin*") and *Zwick v. Apfel*, No. 97 Civ. 5140(JGK),1998 WL 426800 (S.D.N.Y. Jul. 27, 1998) ("*Zwick*"). In *Baldwin*, the court found that the ALJ erred by failing to call a VE at step five of the five-step analysis, where a consulting physician had indicated that the claimant had moderate limitations "in numerous areas that bear on activities of daily living and social functioning." *Baldwin*, 2009 WL 4931363 at *28. Similarly, in *Zwick*, the court found that the ALJ erred by failing to call a VE, where the claimant's mental impairments had resulted in "moderate limitations" of her activities of daily living and social functioning." *Zwick*, 1998 WL 426800 at *8; but see, *Wallis v. Commissioner of Social Security*, No. 09-CV-1075 (TJM/VEB), 2010 WL 3808303 at *12 (N.D.N.Y. Aug. 5, 2010) ("Although there is some evidence of mild or moderate limitations imposed by Plaintiff's mental impairments, there is no indication that those limitations so narrow Plaintiff's possible range of work so as to deprive her of a meaningful employment opportunity.") (Report and Recommendation adopted by 2010 WL 3806824 (N.D.N.Y. Sep. 22, 2010)).

Of course, "application of the grid guidelines and the necessity for expert testimony must be determined on a case-by-case basis." *Bapp v. Bowen*, 802 F.2d at 605. Here, the ALJ did not explain his decision not to call a VE, except to say that, "the additional limitations, described above, have minimal effect on the occupational base of unskilled light work." (28) However, it seems likely that the nonexertional limitations identified by

---

[1] Ransom stated that Plaintiff would have moderate difficulty with complex tasks, relating with others and handling stress. (239)

[2] The Psychiatric Review Technique Form stated that Plaintiff would have moderate difficulty with maintaining social functioning and concentration, persistence or pace. (251)

Ransom, Kamin, and others would have more than a negligible effect on Plaintiff's ability to perform the full range of light work. In that regard, the Commissioner has given examples of certain nonexertional impairments that are likely to have only a negligible impact on a claimant's ability to perform light work:

> [T]here are nonexertional limitations or restrictions which have very little or no effect on the unskilled light occupational base. Examples are inability to ascend or descend scaffolding, poles, and ropes; inability to crawl on hands and knees; and inability to use the finger tips to sense the temperature or texture of an object. Environmental restrictions, such as the need to avoid exposure to feathers, would also not significantly affect the potential unskilled light occupational base.

SSR 83-14, 1983 WL 31254 at *5 (S.S.A. 1983). For such limitations, an ALJ would not be required to call a VE. On the other hand, the Commissioner has indicated that "a visual impairment[3] which is not of Listing severity" could likely significantly limit the occupational base for light work. *Id*. For such a limitation, the ALJ would be required to call a VE. Here, Plaintiff's mental impairments fall somewhere between these two groups of examples, and in that situation, the Commissioner indicates that an ALJ "will often require the assistance of a [VE]." *Id*. Accordingly, the Court finds that remand is appropriate to allow the ALJ to obtain evidence from a VE.

Decision and Order [#9] at pp. 27-29. The Court remanded the action to the Commissioner, "to allow the ALJ to obtain evidence from a VE." *Lugo v. Astrue*, 2012 WL 974936 at *16.

Plaintiff's attorney now seeks a fee award of $2,429.75, based on 13.4 hours of work on this case. However, Defendant maintains that the application must be denied

---

[3] Visual impairments are considered to be non-exertional limitations.

because its position was substantially justified.[4]

DISCUSSION

The legal standard concerning "substantial justification" under EAJA is clear:

> A court shall award attorneys' fees under the EAJA "unless the court finds that the position of the United States was substantially justified." *Pierce v. Underwood*, 487 U.S. 552, 559, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for determining whether a position is "substantially justified" is one of reasonableness, and the Government has the burden of demonstrating reasonableness by a "strong showing." *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir.1988) (*quoting Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir.1983)).[5]
>
> The Commissioner's position "can be justified even though it is not correct, and ... it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct." *Pierce [v. Underwood]*, 487 U.S. [552,] 566 n. 2 [(1988)]. Through this qualification, the EAJA "protects the government when its case, though not prevailing, has a reasonable basis in law and fact." *Cohen*, 837 F.2d at 585.

*Id*. at *2-3.[6] This standard "is a 'middle ground' between the automatic awarding of fees to a prevailing party, and the allowance of a fee award only where the government is arbitrary and frivolous." *Cohen v. Bowen*, 837 F.2d 582, 585, n. 4 (2d Cir. 1988).

---

[4]"Under the EAJA, the Court must consider whether: (1) the claimant is a 'prevailing party'; (2) the Government's position was 'substantially justified'; (3) any 'special circumstances make an award unjust'; and (4) the fee application was submitted within thirty days of final judgment in the action." *Santos v. Astrue*, 752 F.Supp.2d 412, 415 (S.D.N.Y. 2010) (*citing Kerin v. United States Postal Serv*., 218 F.3d 185, 189 (2d Cir.2000)) (citation omitted). Defendant only disputes the second factor.

[5]The Supreme Court has suggested that the Government's position would have to be somewhat "feeble" in order to warrant an award of fees under EAJA. *Pierce v. Underwood*, 108 S.Ct. at 2547 ("[O]ne would expect that where the Government's case is so feeble as to provide grounds for an EAJA award, there will often be (as there was here) a settlement below, or a failure to appeal from the adverse judgment.")

[6]*See also, Pierce v. Underwood*, 108 S.Ct. at 2550 (To be "substantially justified" is to be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person."); *see also, id*. at n. 2 ("[A] position can be justified even though it is not correct, and we believe it can be substantially ( i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.").

5

"The Government's position includes both the position taken by the United States in the civil action and the action or failure to act by the agency upon which the civil action is based." *Firstland Intern., Inc. v. U.S. I.N.S.*, 264 Fed.Appx. 22, 23, 2008 WL 213885 at *1 (2d Cir. Jan. 25, 2008) (citations and internal quotation marks omitted).

The fact that this Court may have agreed with Defendant on some issues does not establish "substantial justification" under EAJA. Instead, Defendant must show that its position was substantially justified as to the issue upon which this Court remanded. *See, Maxey v. Chater*, No. 93–CV–606 (RSP/GJD), 1996 WL 492906 at *3 (N.D.N.Y. Aug. 28, 1996) ("The Commissioner cannot prevail by arguing that she was substantially justified in some of the positions she took if she was not substantially justified on the issue—failure to develop the record—that caused [the district court] to remand this case.").

"While there are various factors that may be considered in determining whether the position of the United States was substantially justified, if the case turns on a question of law, the government can show that its position was substantially justified even if its legal argument is ultimately rejected, if it can show that the question was close or unsettled." *Cooper v. U.S. Postal Service*, No. 3:03CV01694(DJS), 2011 WL 4435692 at *2 (D.Conn. Sep. 23, 2011) (citation and internal quotation marks omitted).

In this case, although the Court ruled against the Government, the issue was close, and the Court cannot say that the Government's position was unreasonable, given the relatively minor nature of Plaintiff's impairments. *See, Kirkland v. Railroad Retirement Bd.*, 706 F.2d 99, 105 (2d Cir. 1983) ("[Defendant's] position, although

erroneous, was not so devoid of legal or factual support that a fee award is appropriate."). Accordingly, Plaintiff's motion is denied.

## CONCLUSION

Plaintiff's motion [#11] for attorney's fees is denied.

So Ordered.

Dated: Rochester, New York
September 12, 2012

ENTER:


/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge